DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

COLIN SAMPSON (CABN 249784)
BENJAMIN KINGSLEY (CABN 314192)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7020
    FAX: (415) 436-7009
    Colin.Sampson@usdoj.gov

NICHOLAS O. HUNTER (DCBN1022355)
Trial Attorney, National Security Division

    950 Pennsylvania Ave, N.W.
    Washington, D.C. 20530
    (202) 353-3434
    Nicholas.Hunter@usdoj.gov

Attorney for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>XUEHUA PENG,<br>    a/k/a Edward Peng,<br><br>    Defendant. | Case No. 4:19-cr-0589 HSG<br><br>UNITED STATES' SENTENCING MEMORANDUM |

## I. INTRODUCTION

Pursuant to a plea agreement under Rule 11(c)(1)(C), defendant pleaded guilty to one count in violation of 18 USC § 951, acting as an agent of a foreign government without notification. As part of the binding C plea agreement, the parties agreed that a sentence of 48 months in custody is an appropriate disposition for this case. Probation concurs, and the government now recommends a

sentence of 48 months.

## II. CHARGE AND CONVICTION

### A. Criminal Conduct

By March 2015, a contact of defendant began recruiting him to become an asset of the security services of the People's Republic of China ("PRC") and its Ministry of State Security ("MSS"). When the MSS believed that it had a source for classified information of the United States, it turned to defendant, whose U.S. citizenship and frequent business travel to China would arouse little suspicion, to act as a courier for the source's secure digital ("SD") cards that the MSS believed would contain information for the benefit of the PRC.

Once defendant agreed to act as a courier for the PRC, MSS officers explained to him how to conduct a "dead drop," a form of delivering money and/or picking up an item (in this case, the SD cards) without actually meeting the other participant, who in this case was secretly working for the United States. Defendant conducted a test run in Newark, California, and serviced five additional dead drops in the Bay Area and Columbus, Georgia, as outlined in the table below:

| Date | Location | Item Left in the Hotel | Item Retrieved from the Hotel |
|---|---|---|---|
| 6/13/2015 | Newark, CA | n/a | n/a |
| 10/24/2015 | Newark, CA | n/a | SD Card |
| 4/23/2016 | Oakland, CA | $20,000 | SD Card |
| 7/1/2017 | Columbus, GA | $20,000 | n/a |
| 9/9/2017 | Columbus, GA | $10,000 | SD Card |
| 6/30/2018 | Columbus, GA | $20,000 | SD Card |

Defendant earned approximately $30,000 for delivering cash to the source and delivering the SD cards to the MSS in China.

### B. Complaint and Information

The Criminal Complaint was filed on September 24, 2019, and unsealed on September 27, 2019. *See* ECF Nos. 1, 9. Defendant was charged with one violation of 18 U.S.C. § 951, acting in the United States as an agent of a foreign government without providing notice to the Attorney General. On November 6, 2019, a one-count Criminal Information was filed charging the same violation.

//

C. Guilty Plea

Defendant pleaded guilty to the Information on November 25, 2019. *See* ECF No. 32. The plea agreement, binding pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) if accepted by the Court, calls for a sentence of 48 months, three years of supervised release, and a $30,000 fine.

D. The Presentence Investigation Report ("PSR")

The government's objections to the PSIR have been resolved.

III. UNITED STATES SENTENCING GUIDELINES PROVISIONS

The violation, acting as an agent of a foreign government without providing notice to the Attorney General, is not referenced in Appendix A of the U.S. Sentencing Guidelines, and the government asserts that no other Guideline appears to encompass the defendant's conduct. As a result, the Court may impose a sentence not to exceed the statutory maximum of 10 years.

IV. 18 U.S.C. § 3553(a) FACTORS

Section 3553(a)'s factors[1] support the parties agreed sentence of 48 months' imprisonment and a significant fine of $30,000. Given his early plea and assistance, a sentence of 48 months appropriately accounts for said assistance and defendant's personal history and characteristics as identified in the PSIR.

V. THE RULE 11 (c)(1)(C) PLEA

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties "may agree that a specific sentence or sentencing range is the appropriate disposition of the case." The Rule goes on to bind the Court to the parties' agreement "once the court accepts the plea agreement." *Id*. The Court must either accept the agreed sentence of the parties, or it must reject the plea agreement. If the Court rejects the agreement, it

---

[1] The Court must consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, (B) to afford adequate deterrence to criminal conduct, (C) to protect the public from further crimes of the defendant, and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established by the Guidelines; (5) any pertinent policy statement; and (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. *Id.*

"must provide individualized reasons for rejecting the agreement, based on the specific facts and circumstances presented." *Morgan v. U.S. Dist. Ct.*, 506 F. 3d 705, 711 (9th Cir. 2007).

Given the lack of an applicable sentencing guideline for the charged crime, the Court should pay particular attention to the agreement of the parties to a 48-month sentence accompanied by a significant fine of $30,000. "Plea agreements are contractual by nature and are measured by contract law standards." *United States v. Franco-Lopez*, 312 F. 3d 984, 989 (9th Cir. 2002). A court may reject an agreed sentence where the court believes it is "too lenient or otherwise not in the public interest.'" *Ellis v. U.S. Dist. Ct.*, 356 F. 3d 1198, 1209 (9th Cir. 2004).

Here, the agreed sentence of four years of prison in a case with a ten-year maximum is not too lenient, and appropriately addresses the defendant's conduct as a courier for the MSS over the course of three years in exchange for at least $30,000. Although defendant's conduct posed a substantial potential risk to the United States' national security, Defendant also gave an immediate and truthful admission of his conduct and guilt. As asserted above, there are no Guidelines provisions for the charge of acting as an agent of a foreign government, which carries a maximum sentence of 10 years. A sentence of slightly less than half of the maximum sentence, a significant fine, and three years of supervised release is a reasonable one and is not contrary to the public interest and should not be rejected. *See Ellis*, 356 F. 3d at 1209.

//

//

//

//

//

//

//

VI. CONCLUSION

Peng has been convicted for a serious crime in which he acted in the United States as an agent of the People's Republic of China and its Ministry of State Security by surreptitiously retrieving and transporting drives containing information for the benefit of the PRC. For all those reasons, the government respectfully asserts that a sentence of 48 months is sufficient but not greater than necessary to comply with the considerations set out in 18 U.S.C. § 3553(a) and asks this Court to sentence Peng to 48 months' imprisonment, followed by a three-year term of supervised release, and order him to pay a fine of $30,000.

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

Dated: February 24, 2020.

*/s/ Colin Sampson*
COLIN SAMPSON
Assistant United States Attorney
NICHOLAS O. HUNTER
Trial Attorney, National Security Division